UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

UNITED STATES OF AMERICA

        - v. -

MEDGHYNE CALONGE,

        Defendant.

------------------------------------- X

**SEALED INDICTMENT**

20 Cr.

20 CRIM 523

### COUNT ONE

(Computer Intrusion - Intentionally Damaging Computers)

The Grand Jury charges:

#### Overview

1. From at least on or about June 28, 2019, up to and including at least on or about June 29, 2019, MEDGHYNE CALONGE, the defendant, misused administrative access provided to her as an employee of an online provider of professional services ("the Company") to intentionally delete the Company's records, and damage the Company's computer systems.

2. From at least in or about January 2019 to on or about June 28, 2019, MEDGHYNE CALONGE, the defendant, was employed as a human resources manager at the Company, which is based in New York, New York. Due to her position, CALONGE was granted administrative access to the Company's accounts with

defendant, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, and caused loss to one and more persons during any one-year period aggregating at least $5,000 in value, to wit, following her termination by the Company, CALONGE misused and attempted to misuse administrative access provided to her during her employment at the Company to intentionally delete the Company's human resources records without authorization.

(Title 18, United States Code,
Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2.)

## COUNT TWO

(Computer Intrusion - Recklessly Damaging Computers)

The Grand Jury further charges:

6.  The allegations contained in paragraphs 1 through 4 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

7.  From at least on or about June 28, 2019, up to and including at least on or about June 29, 2019, in the Southern District of New York and elsewhere, MEDGHYNE CALONGE, the defendant, intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly

## Substitute Asset Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of MEDGHYNE CALONGE, the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MEDGHYNE CALONGE,

Defendant.

SEALED INDICTMENT

20 Cr. ___

(18 U.S.C. §§ 2 and 1030.)

AUDREY STRAUSS
Acting United States Attorney.

A TRUE BILL

FOREPERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :
                                      :   **SEALED INDICTMENT**
            - v. -                    :
                                      :   20 Cr.
MEDGHYNE CALONGE,                     :
                                      :
            Defendant.                :
                                      :
------------------------------------- X

### COUNT ONE

(Computer Intrusion – Intentionally Damaging Computers)

The Grand Jury charges:

### Overview

1. From at least on or about June 28, 2019, up to and including at least on or about June 29, 2019, MEDGHYNE CALONGE, the defendant, misused administrative access provided to her as an employee of an online provider of professional services ("the Company") to intentionally delete the Company's records, and damage the Company's computer systems.

2. From at least in or about January 2019 to on or about June 28, 2019, MEDGHYNE CALONGE, the defendant, was employed as a human resources manager at the Company, which is based in New York, New York. Due to her position, CALONGE was granted administrative access to the Company's accounts with

certain third-party providers of online human resources management services, including a third-party provider of an applicant tracking system (the "Applicant Tracking System").

3. On or about June 28, 2019, MEDGHYNE CALONGE, the defendant, was terminated by the Company. Following her termination and continuing until on or about June 29, 2019, CALONGE misused administrative access provided to her as an employee of the Company to log in to the Applicant Tracking System and damage the integrity of the Company's computer systems by deleting the Company's records, including job postings created by the Company to advertise employment opportunities at the Company and thousands of applications for employment at the Company submitted to the Company via the Applicant Tracking System.

4. As a result of her unauthorized deletion of the Company's records, MEDGHYNE CALONGE, the defendant, caused losses to the Company far in excess of $5,000, which included costs incurred by the Company to investigate the incident and to remediate the loss of its data and records.

### Statutory Allegations

5. From at least on or about June 28, 2019, up to and including at least on or about June 29, 2019, in the Southern District of New York and elsewhere, MEDGHYNE CALONGE, the

defendant, knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer, and caused loss to one and more persons during any one-year period aggregating at least $5,000 in value, to wit, following her termination by the Company, CALONGE misused and attempted to misuse administrative access provided to her during her employment at the Company to intentionally delete the Company's human resources records without authorization.

(Title 18, United States Code,
Sections 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2.)

### COUNT TWO

(Computer Intrusion – Recklessly Damaging Computers)

The Grand Jury further charges:

6.  The allegations contained in paragraphs 1 through 4 above are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

7.  From at least on or about June 28, 2019, up to and including at least on or about June 29, 2019, in the Southern District of New York and elsewhere, MEDGHYNE CALONGE, the defendant, intentionally accessed a protected computer without authorization, and as a result of such conduct, recklessly

3

caused damage, and caused loss to one and more persons during any one-year period aggregating at least $5,000 in value, to wit, CALONGE misused and attempted to misuse administrative access provided to her during her employment at the Company to intentionally delete the Company's human resources records without authorization.

(Title 18, United States Code,
Sections 1030(a)(5)(B), 1030(c)(4)(A)(i)(I), and 2.)

## FORFEITURE ALLEGATIONS

8. As a result of committing the offenses alleged in Counts One and Two of this Indictment, MEDGHYNE CALONGE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1030(i), any and all property, real or personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of said offense, and any and all personal property that was used or intended to be used to commit or to facilitate the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

Substitute Asset Provision

9.  If any of the above-described forfeitable property, as a result of any act or omission of MEDGHYNE CALONGE, the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any

5

other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 1030,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
AUDREY STRAUSS  
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MEDGHYNE CALONGE,

Defendant.

SEALED INDICTMENT

20 Cr. ___

(18 U.S.C. §§ 2 and 1030.)

AUDREY STRAUSS
Acting United States
Attorney.

A TRUE BILL

_____
FOREPERSON