UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- x
                                                :

UNITED STATES OF AMERICA        :

- v -                                            :           20 Cr. 523 (GHW)

MEDGHYNE CALONGE,             :

                 Defendant.           :
-------------------------------------------------- x

## DEFENDANT MEDGHYNE CALONGE'S MOTION *IN LIMINE*

                                                            DAVID E. PATTON, ESQ.

                                                            Federal Defenders of New York, Inc.
                                                            Attorney for Defendant
                                                            MEDGHYNE CALONGE
                                                            52 Duane Street - 10th Floor
                                                            New York, New York  10007
                                                            Tel.:  (212) 417-8737

                                                            MARTIN S. COHEN, ESQ.
                                                            *Of Counsel.*

TO:     AUDREY STRAUSS, ESQ.
          United States Attorney
          Southern District of New York
          One St. Andrew's Plaza
          New York, New York  10007
           Attn.:  TIMOTHY CAPOZZI, ESQ.
          Assistant United States Attorney

**DEFENDANT MEDGHYNE CALONGE'S MOTION IN LIMINE**

The defense respectfully submits the following motion *in limine* in advance of trial to preclude cross-examination of Ms. Colange in connection with her prior conviction in 2008, the conduct underlying that conviction, and her prior arrest in 2002.

## Background

Based on the discovery provided by the Government, Ms. Calonge has been arrested on two prior occasions, and has one prior conviction:

On December 21, 2002, Ms. Calonge was charged with violating Florida Statute § 832.05.04, which prohibits obtaining property or services in return for a worthless check. A *nolle prosequi* was entered on January 10, 2005.

On September 30, 2005, Ms. Calonge was charged with violating Florida Statute § 831.02, which prohibits uttering a forged instrument. Ms. Calonge pleaded guilty to this offense on May 3, 2006, and adjudication was withheld. On September 11, 2008, a three-year term of probation was imposed.

## Argument

**THE GOVERNMENT SHOULD BE PRECLUDED FROM CROSS-EXAMINING MS. CALONGE CONCERNING HER PRIOR CONVICTION IN 2008, THE CONDUCT UNDERLYING THAT CONVICTION, AND THE CONDUCT UNDERLYING HER 2002 ARREST PURSUANT TO FEDERAL RULES OF EVIDENCE 608(b) AND 609**

    A.    **The Government should be precluded from impeaching Ms. Calonge with evidence of her prior conviction.**

If Ms. Calonge chooses to testify, evidence of her past conviction should not be admitted to attack her character for truthfulness.

Federal Rule of Evidence 609(a) allows evidence of a defendant's prior conviction to be admitted for the purpose of attacking the defendant's character for truthfulness, if she testifies and (1) the crime was punishable by death or imprisonment in excess of one year and the probative value of admitting the evidence outweighs its prejudicial effect to the accused, or (2) if the elements of the crime required proof or admission of an act of dishonesty or false statement, regardless of the punishment. *See* Fed. R. Evid. 609(a).

Rule 609 (b), however, places an important limit on such evidence where the conviction is more than 10 years old: such a conviction is admissible only where (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives reasonable written notice of its intent to use the conviction for impeachment purposes so that the party has a fair opportunity to contest its use. *Id.* 609(b).

Here, Ms. Calonge's prior conviction dates to September 2008, which is over 12 years ago. The Government has not provided notice of its intent to seek admission of this conviction, and thus evidence of this conviction must be precluded under Rule 609(b)(2). If the Government does provide such notice, we will respond accordingly, but such dated convictions should be admitted "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.) Inc.*, 983 F. 2d 431, 435 (2d Cir. 1993).

### B. The Government should be precluded from cross-examining Ms. Calonge concerning the conduct underlying the 2008 conviction.

The Government should also be precluded from cross-examining Ms. Calonge concerning the conduct underlying the 2008 conviction, for which she was arrested in

2005. While Rule 608(b) contemplates the possibility of cross-examining a witness about her prior conduct if it is probative of her character for truthfulness, the rule applies only to specific instances of conduct that were *not* the basis of a criminal conviction. *See United States v. Osazuwa*, 564 F.3d 1169, 1173 (9th Cir, 2009). Where the conduct resulted in a conviction, Rule 609 governs. *Id.*

In *Osazuwa*, the Ninth Circuit unpacked the "complex" interplay between Rules 608 and 609, holding that "Rule 608(b) permits impeachment only by specific acts that have not resulted in a criminal conviction," while "[e]vidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609." *Id.* at 1173-1175. The court explained that it would be fundamentally unfair if evidence precluded by Rule 609 to protect a defendant would be admissible through the "back door" of Rule 608(b). *Id.* at 1174; *see also Fletcher v. City of New York*, 54 F. Supp. 2d 328, 332-33 (S.D.N.Y. 1999) (rejecting argument that 608(b) allows inquiry into underlying acts that resulted in convictions: "with respect to any misconduct that resulted in criminal convictions, Defendants may cross-examine Plaintiff concerning only those crimes which the Court may find admissible, if any, under Fed. R. Evid. 609."); *cf.* Fed. R. Evid. Rule 608, Advisory Committee Note to Subdivision (b) (1972) explaining that "[p]articular instances of conduct, though not the subject of a criminal conviction, may be inquired into on cross examination [under Rule 608]," while "[c]onviction of a crime as a technique of impeachment is treated in detail in Rule 609, and is here recognized as an exception to the general rule excluding evidence of specific incidents for impeachment purposes.").

Other Circuits have also described Rule 608 as applying solely to conduct that did not result in a criminal conviction. *See*, *e.g. United States. v. Whitmore*, 359 F.3d 609, 618 (D.C. Cir. 2004) (explaining that "Cross-Examination pursuant to Fed. R. Evid. 608(b) is not confined to prior criminal convictions – they are governed by Fed. R. Evid. 609 – but the conduct must be probative of the witness's character for truthfulness."); *United States v. Parker*, 133 F.3d 322, 327 (5th Cir. 1998) (explaining that Rule 609 applies to convictions, while Rule 608(b) applies to "prior bad acts that have not resulted in a conviction."); *Mason v. Texaco, Inc.*, 948 F.2d 1546, 1556 (10th Cir. 1991) (same).

The strict limits placed on the introduction of evidence concerning prior convictions under Rule 609 strongly supports the *Osazuwa* court's reading of Rule 608. Among other things, felony convictions are inadmissible against a criminal defendant unless the "probative value of the evidence outweighs its prejudicial effect," which is a more stringent standard than the Rule 403 balancing test that applies to Rule 608. 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, §609.02[1] (2017). And the admission of a felony conviction, like Mr. Calonge's, which is more than 10 years old is even more disfavored, admissible "only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Even where a court admits a conviction under Rule 609, it places strict limits on the evidence that may be placed before the jury, usually restricting the evidence to the name of the offense, the date of the conviction, and the sentence imposed. *See United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005); *see also United States v. White*, 222

F. 3d 363, 370 (7th Cir. 2000) (explaining that ordinarily, the details of the prior conviction admitted under Rule 609 should not be exposed to the jury); *Osazuwa*, 564 F.3d at 1175 ("The scope of the inquiry is limited because of the unfair prejudice and confusion that could result from eliciting details of the prior crime.").

And even were the Court to find that conduct underlying a conviction could, in the abstract, be fair game under Rule 608, it should nevertheless preclude such questioning here under Rule 403: the minimal probative value of this 15-year-old conduct is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See e.g.*, *United v. Bari*, 702 F. 2d 1169, 1179 (2d Cir. 1984) (no abuse of discretion to exclude cross-examination of witness's hospitalization for mental illness where it occurred 12 years before trial).

In his treatise, Judge Weinstein summarizes the varied forms of unfair prejudice that can attach when a defendant is cross-examined based on her prior conduct:

> Despite its somewhat dubious probative value, the character evidence may have an overwhelming impact. The threat of character evidence may cause a person to shun the witness stand for fear of being publicly pilloried, thus depriving 'justice of the fullest opportunity to obtain useful testimony.' Side-excursions into the witness's past, usually unrelated to the substantive issues being tried, create a real danger of confusing the issues and prolonging the trial. Further, it is doubtful whether the jury is able to limit its consideration of character evidence, even after instruction, to its effect on the witness's credibility. When the witness is also a defendant, the jury's antipathy . . . may translate into a finding of guilt, because the jury may feel that the party merits punishment regardless of whether he or she committed the particular act at issue.

4 *Weinstein's Federal Evidence*, § 608.02[2] (citations omitted).

Accordingly, the Court should preclude cross-examination of Ms. Calonge concerning the conduct underlying her 2008 conviction for two independent reasons: first, because Rule 609 provides the sole mechanism for impeachment where there is an underlying conviction; and second, because the minimal probative value of examining this 15-year-old conduct is substantially outweighed by the danger of unfair prejudice and confusion of the issues, and thus should also be precluded pursuant to Rule 403.

### B.  The Government should be precluded from cross-examining Ms. Calonge concerning the conduct underlying her 2002 arrest.

Ms. Calonge was arrested in 2002, in a case which was resolved by a *nolle prosequi*. For the same reason that cross-examination concerning Ms. Calonge's 2005 conduct should be precluded, the Court should also preclude questioning concerning her 2002 conduct: the minimal probative value of testimony concerning conduct that occurred over 18 years ago is vastly outweighed by the danger of unfair prejudice and confusion of the issues, and thus must be precluded pursuant to Rule 403.

### Conclusion

For the reasons set forth above, the Government should be precluded from introducing evidence concerning Ms. Calonge's prior conviction, and from cross-examining Ms. Colange concerning the conduct underlying that conviction, as well as the conduct underlying her 2002 arrest.

Dated: June 28, 2021
      New York, New York

                                       Respectfully Submitted,

                                       /s/
                                       Martin S. Cohen, Esq.
                                       Federal Defenders of New York
                                       Attorney for Defendant
                                       Medghyne Calonge
                                       52 Duane Street, 10th Floor
                                       New York, New York 10007