

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 5, 2021

**VIA ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Medghyne Calonge*, 20 Cr. 523 (GHW)

Dear Judge Woods:

    The Government respectfully submits this letter brief in response to the defendant Medghyne Calonge's Motion *In Limine* (the "Motion") dated June 28, 2021 (Dkt. No. 30).

    The defendant seeks a blanket pretrial ruling that the Government may not use certain aspects of her criminal history to impeach her credibility should she testify at trial. Specifically, the Motion requests that the Court preclude cross-examination of the defendant in connection with her prior conviction in 2008 for uttering a forged instrument, the conduct underlying that conviction, and her prior arrest in 2002, for obtaining property or services in exchange for a worthless check. Mot. at 1.

    The Government respectfully requests that the Court reserve ruling on the Motion until after such testimony takes place—if it does. The blanket pretrial prohibition that the defendant seeks at this juncture is inappropriate. Calonge cites Federal Rule of Evidence 609, which permits the Government to attack a criminal defendant's "character for truthfulness" by offering evidence of certain types of prior felony convictions. Attacking a defendant's character for truthfulness, however, is not the only permissible use of a prior criminal conviction during cross examination. "Central to the proper operation of the adversary system is the notion that when a defendant takes the stand, the Government be permitted proper and effective cross-examination in an attempt to elicit the truth." *United States v. Garcia*, 936 F.2d 648, 653 (2d Cir.1991) (internal citation and quotation omitted). "Once a defendant has put certain activity in issue by offering innocent explanations for or denying wrongdoing, the Government is entitled to rebut by showing that the defendant has lied." *United States v. Beverly*, 5 F.3d 633, 639 (2d Cir. 1993).

    Simply put, even if Calonge's prior arrests or conviction might be inadmissible to prove a general character for untruthfulness, those prior arrests or conviction could still be admissible to show that she lied about a particular fact during her testimony. For example, if the defendant were to testify that she has never broken the law, or never done anything dishonest, her prior felony

conviction for uttering a forged check would then be admissible. *See Beverly*, 5 F.3d at 640 (defendant's testimony as to his unfamiliarity with guns opened the door to questioning about his prior possession and use of guns); *see also Garcia*, 936 F.2d at 654 ("once [the defendant] testified that he had no idea that the white powder was cocaine, he opened the door for the Government to impeach his testimony by establishing on cross-examination that he was familiar with and indeed had used cocaine . . .").

In sum, because the permissible use of the defendant's criminal record for cross-examination turns on the contents of any direct testimony that she might offer, the Court should reserve ruling until after any direct testimony she provides. [1]

                                          Respectfully submitted,

                                          AUDREY STRAUSS
                                          United States Attorney

By: _____
      Timothy Capozzi
      Louis A. Pellegrino
      Assistant United States Attorneys
      (212) 637-2404 / 2617

cc:    Martin Cohen, Esq., Federal Defenders of New York (by ECF)

---

[1] The Government notes that, in its own motions *in limine*, it requested that the Government be permitted to cross-examine the defendant regarding her prior conviction should she portray herself through testimony or argument as law-abiding. *See* Point II, Gov. MIL, dated 6/28/2021 (Dkt. No. 26). The Government believes that a ruling on this particular request can also be deferred until such testimony or argument occurs at the trial.