USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                :
  UNITED STATES,                             :
                                                :
                -v-                     :             1:20-cr-523-GHW
                                                :
  MEDGHYNE CALONGE,            :              ORDER
                                                :
                          Defendant.  :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    Trial in this case is set to begin on August 4, 2021. The Government's request that the Court approve video teleconferencing procedures for Witness-1 at the trial, Dkt. No. 43, is granted.

    While the Sixth Amendment's Confrontation Clause gives defendants the right "to be confronted with the witnesses against [them]," U.S. Const. amend. VI, the Supreme Court made clear in *Maryland v. Craig*, 497 U.S. 836 (1990), that it does not "guarantee[ ]" defendants "the <u>absolute</u> right to a face-to-face meeting" with accusatory witnesses. *Id.* at 844 (emphasis in original). Rather, "the Confrontation Clause reflects a <u>preference</u> for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case." *Id.* at 849 (emphasis in original, citation and internal quotation marks omitted). Accordingly, *Craig* held that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* at 850.

    *Craig* concerned one-way video testimony. For two-way video testimony, which is what the Government proposes for Witness-1, the Second Circuit has not adopted the *Craig* standard, observing that, unlike one-way video, two-way video "preserve[s] the face-to-face confrontation"

required by the Sixth Amendment. *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999). Accordingly, the Second Circuit has authorized the use of two-way video testimony "[u]pon a finding of exceptional circumstances" and when it "furthers the interests of justice." *Id.* The Second Circuit explained

> [T]wo-way closed-circuit presentation of [the witness's] testimony afforded greater protection of Gigante's confrontation rights than would have been provided by a Rule 15 deposition [that was later introduced at trial]. It forced [the witness] to testify before the jury, and allowed them to judge his credibility through his demeanor and comportment; under Rule 15 practice, the bare transcript of [the witness's] deposition could have been admitted, which would have precluded any visual assessment of his demeanor. Closed-circuit testimony also allowed Gigante's attorney to weigh the impact of [the witness's] direct testimony on the jury as he crafted a cross-examination.

*Id.* at 82. Thus, the panel found that because the witness could have testified under a Rule 15 deposition before trial, live testimony via two-way video—which allowed for cross examination before the jury—was also permissible.

Courts in this district have found exceptional circumstances and permitted such testimony during the COVID-19 pandemic when witnesses were unavailable to testify in-person due to serious health concerns. *See United States v. Donziger*, No. 11 Civ. 691 (LAK), 2020 WL 5152162, at *1 (S.D.N.Y. Aug. 31, 2020), reconsideration denied, No. 11-CV-691 (LAK), 2020 WL 8465435 (S.D.N.Y. Oct. 23, 2020) (permitting remote video testimony and reasoning that the witness at issue "was at heightened risk of serious health complications if he were to contract COVID-19, that the Government had proposed adequate procedures to ensure the reliability of his testimony by video, and that the video testimony would comport with the requirements of the Sixth Amendment as construed in *Maryland v. Craig*, 497 U.S. 836 (1990), *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999), and related decisions"); *United States v. Hamid Akhavan*, 20 Cr. 188 (JSR) ECF No. 208, at *24 (S.D.N.Y. March 1, 2021) (holding that a witness subpoenaed by the Government had demonstrated that he was unavailable to testify, and that exceptional circumstances supported his request to testify by two-way video).

2

Here, Witness-1 has a serious medical condition that, compounded by the COVID-19 pandemic, would prevent her from testifying in-person at the upcoming trial. Accordingly, Witness-1 is unavailable to testimony and exceptional circumstances support her request to testify via two-way video. The Court finds that permitting Witness-1 to testify using the two-way video procedures proposed by the Government would satisfy the requirements of *Gigante* and *Craig*. Defendant consents to Witness-1 testifying remotely via videoconference.

The Court is prepared to adopt the following procedures which provide appropriate safeguards in relation to the testimony of Witness-1. Any party objecting to these procedures or who wishes to suggest alternate procedures shall do so by a letter submitted on ECF no later than Monday, August 2, 2021.

1. **Videoconferencing**. The testimony of Witness-1 shall take place via the Microsoft Teams platform. The Court will enter a separate order containing a Teams link. The witness shall participate in appropriate pre-trial technology testing no later than August 3, 2021.

2. **Submission of Exhibits**. The parties shall prepare two binders for Witness-1. The first binder ("Binder One") shall be prepared by the party offering the witness. It shall contain all exhibits that the party offering that witness intends for the witness to discuss at trial. The second binder ("Binder Two") shall be prepared by the party opposing the witness. Binder Two shall contain all exhibits that the opposing party intends for the witness to view during cross-examination. By no later than August 4, 2021, copies of Binder Two shall be provided to Witness-1 as well as to opposing counsel. They shall be sealed and they shall, on the exterior of the binders, clearly instruct the witness and opposing counsel not to open the binders until directed to do so. Witness-1 opposing counsel shall not review Binder Two until the cross-examination begins.

Two copies of Binder One shall also be provided to the Court on August 4, 2021. Two copies of Binder Two shall be provided to the Court on the same date.

3. **Remote Witness Testimony**.  Witness-1 shall be sworn in over remote means, and such testimony will have the same effect and be binding upon Wintess-1 in the same manner as if Witness-1 was sworn in by the Court deputy in person in open court at the courthouse.  The Government shall be responsible for ensuring that the remote technology and all exhibits from all parties are supplied to Witness-1 in hard copy prior to trial.  During the testimony, no person other than counsel may be present in the room from which Witness-1 will testify during Witness-1's testimony.  While Witness-1 is testifying, she may not have in the room from which she is testifying any documents except for Binder 1 and Binder 2.  Witness-1 must connect to the trial using a computer equipped with a camera; she may not access the trial using a phone or tablet device.  Upon the conclusion of her testimony, the witness shall disconnect from the link.

4. **Courtroom Formalities**.  Although the testimony of Witness-1 will be provided using videoconferencing technology, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited.  No party may record images or sounds from any location.  The formalities of a courtroom must be observed.  When called to testify, Witness-1 must situate herself in such a manner as to be able to view the video screen and be seen by the Court.

SO ORDERED.

Dated: July 29, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge