## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

CHRISTOPHER VICTOR GRUPE,

          Defendant.

Case No. 17-CR-0090 (PJS/DTS)

FINAL INSTRUCTIONS

---

## I. INTRODUCTION

### Instruction No. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave earlier, as well as the instructions I give now. You must not single out some instructions and ignore others, because all are important. This is true even though some of the instructions I gave at the beginning of trial and during trial are not repeated here.

The instructions I am about to give are in writing and will be available to you in the jury room. This does not mean, however, that these instructions are any more important than my earlier instructions. Again, you must follow all of my instructions, whenever given and whether in writing or not.

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion about what your verdict should be. You are the sole judges of the evidence received in this case.

### Instruction No. 2

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you think the law is different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

### Instruction No. 3

If any reference by the parties or by me to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the parties or me.

You are the sole judges of the evidence received in this case.

### Instruction No. 4

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses; documents and other things that were received as exhibits; and any facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence.  I will list those things again for you now:

(1)  Statements, arguments, questions, and comments by a lawyer are not evidence.

(2)  Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe something is improper.  You should not be influenced by the objection; you should not, for example, be prejudiced in any way against a lawyer who makes an objection or the party whom he or she represents.  If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

(3)  Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence and must not be considered.

(4) Exhibits that were identified by a party but were not offered or received in evidence are not evidence.

(5)  Anything you saw or heard about this case outside the courtroom is not evidence.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

### Instruction No. 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent mistake or lapse of memory, or an intentional falsehood, and that may depend on whether the contradiction relates to an important fact or only a small detail.

### Instruction No. 6

A defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

## Instruction No. 7

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education, or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## Instruction No. 8

Certain schedules, summaries, and charts were admitted into evidence. You may use those schedules, summaries, and charts as evidence. However, the accuracy and authenticity of the schedules, summaries, and charts have been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.

## Instruction No. 9

You were permitted to take notes during the course of the trial. If you took any notes, those notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence.

If you did not take notes, you should rely on your own independent recollection of the evidence and should not be influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

## Instruction No. 10

The superseding indictment or, more simply, the "indictment," charges the defendant, Christopher Victor Grupe, with having committed the crime of intentional damage to a protected computer.

Specifically, Count One of the indictment charges that, on or about December 17, 2015, in the State and District of Minnesota, the defendant, Christopher Victor Grupe, knowingly and without authorization caused the transmission of programs, code, or commands, and as a result of such conduct, intentionally caused damage to protected computers and, during the period from December 17, 2015 to December 17, 2016, caused a loss to Canadian Pacific of an aggregate value of more than $5,000, all in violation of Sections 1030(a)(5)(A) and 1030(c)(4)(B)(i) of Title 18 of the United States Code.

## Instruction No. 11

An indictment is simply a formal method of accusing a defendant of an offense. It is not evidence of any kind against a defendant.

The defendant has pleaded "Not Guilty" to the indictment and, therefore, denies that he is guilty of the crime charged.

Please remember that only the defendant, not anyone else, is on trial here, and that the defendant is on trial only for the crime charged, not for anything else.

## Instruction No. 12

I instruct you that you must presume the defendant to be innocent of the crime charged in the indictment. Thus the defendant, although accused of a crime in the indictment, began the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit a defendant, and can be overcome only if the government proves, beyond a reasonable doubt, each element of the crime charged.

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. A defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based on reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act on it in the most important of his or her own affairs. But proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the crime charged in the indictment, you must find the defendant not guilty. If you view the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

### Instruction No. 13

The crime of intentional damage to a protected computer, as charged in Count One of the indictment, has four essential elements, which are:

1.  On or about December 17, 2015, the defendant knowingly caused the transmission of a program, code, or command to a protected computer;

2.  The defendant acted without authorization;

3.  The defendant's transmission caused damage to a protected computer; and

4.  The defendant intended to damage the protected computer.

If the government has proved, beyond a reasonable doubt, all four of the elements of intentional damage to a protected computer, then you must find the defendant guilty. Otherwise, you must find the defendant not guilty.

### Instruction No. 14

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data-storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The phrase "protected computer" means a computer that is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States.

The term "commerce" includes, among other things, travel, trade, transportation, and communication.

The phrase "interstate commerce" means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.  The phrase "foreign commerce" means commerce between any state, territory, or possession of the United States and a foreign country.

You may find that a computer is used in or affecting interstate or foreign commerce if you find beyond a reasonable doubt that the computer is connected to the Internet.  You may find that a computer is used in or affecting interstate or foreign communication if you find beyond a reasonable doubt that the computer is used to communicate with other computers located in a different state or country.

### Instruction No. 15

If you find the defendant guilty of the crime of intentional damage to a protected computer, you will be asked to determine whether the defendant's offense caused a loss to one or more persons that totaled more than $5,000 during the period December 17, 2015 through December 16, 2016.

The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

The term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

**Instruction No. 16**

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**Instruction No. 17**

The indictment charges that the alleged crimes were committed "on or about" a certain date.  Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Instruction No. 18**

I will now give you some final instructions about conducting your deliberations and returning your verdict.

*First*, when you go to the jury room, you must select one of your members to serve as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.  In other words, all of you must agree.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Further, you must only discuss the case when all jurors are present in the jury room.  So if someone leaves the room for whatever reason, you must stop discussing the case until that person returns.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans for any

party in this case.  You are judges—judges of the facts.  Your only job is to seek the truth from the evidence in the case.

*Third*, you must decide this case based solely on the evidence presented in court and the instructions that I give you.  You must not do any research or make any investigation on your own about anyone or anything involved in this case, including the parties, lawyers, and witnesses; the matters in dispute; and the applicable law.  For example, you must not consult dictionaries or other reference materials; search the Internet, websites, or blogs; or use any other electronic tools to obtain information about this case or to help you decide this case.  Again, you must decide this case based solely on the evidence that was presented in court and the instructions that I give you.

*Fourth,* during your deliberations, you must not communicate with anyone about this case, except, of course, your fellow jurors.  I know that many of you use cell phones, smart phones, tablets, laptop computers, and other tools of technology.  You must not use these devices to communicate electronically with anyone about this case, including your family and friends.  That means that you must not call or text or email anyone about this case, and you must not communicate about this case on Facebook or Twitter or any other social media.  You must not use any other type of technology to communicate about this case, even if I have not specifically mentioned it.  Please let me know immediately if you become aware that any juror has violated these instructions.

*Fifth,* if you need to communicate with me during your deliberations, you may send a note to me through the court-security officer who will be stationed outside of the door to the jury room.  The note should be signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

You should know that if you do send me a note, it could take me anywhere from ten minutes to two or three hours to respond.  I will try to respond as soon as possible, but I may not be able to respond immediately because, for instance, I may be in a hearing or a meeting, or I may need to do legal research or consult with the attorneys before answering your question.  I ask you to be patient and to understand that sometimes I may not be able to respond promptly to a note from you.

If you do not reach a verdict by the end of the day, I will send you a note shortly before 4:30 pm dismissing you and telling you when to return.  If you would like to stay past 4:30 pm or return before 8:30 am on any particular day, please let me know as soon as possible, so that we can make staffing arrangements.

*Sixth*, I emphasize again that your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. And, again, your verdict must be unanimous—all of you must agree. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take the verdict form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court-security officer that you are ready to return to the courtroom.