**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 6, 2021

**Via ECF and e-mail**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

**Re:** *United States v. Medghyne Calonge,* **20 Cr. 523 (GHW)**

Dear Judge Woods,

     I write to address the Government's letter submitted the morning of August 4, 2021 – the anticipated start date of trial – seeking admission of unduly prejudicial evidence that Ms. Calonge manipulated a colleague's access to the Namely system eleven days before her termination.

     As a preliminary matter, there is little doubt that this prior act constitutes Rule 404(b) evidence as the prosecution itself admitted that it would be introduced to establish Ms. Colange's "motive for committing those charged offenses" as well as modus operandi and identity (August 4, 2021 Transcript: 20, 22, 24). Evidence of an uncharged crime is not subject to Rule 404(b) analysis if it "arose out of the same transaction or series of transactions as the charged offense," "[is] inextricably intertwined with the evidence regarding the charged offense," or "is necessary to complete the story of the crime [on] trial." *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997). None of these exceptions apply here. While the Government contends that this evidence is offered as direct evidence in its case-in-chief to explain the circumstances of Ms. Calonge's termination, this assertion rings hollow as the reasons for her termination are not in dispute, and the decision to terminate Ms. Calonge was made before this alleged conduct. As there is sufficient and far less prejudicial evidence to explain the circumstances that led to Ms. Calonge's termination, the Government should be precluded from introducing this as direct evidence. *See Old Chief v. United States*, 519 U.S. 172, 184-85 (1997) (concluding that considerations, such as a waste of time or the availability of other less prejudicial means of proof, are appropriate factors for courts to consider when determining preclusion of evidence) (*citing* 22 C. Wright & K. Graham, Federal Practice and Procedure § 5250, pp. 546-47 (1978) ("The probative worth of any particular bit of evidence is obviously affected by the scarcity or abundance of other evidence on the same point.")).

Similarly, it also follows that this evidence should be precluded as Rule 404(b) evidence as its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002). This particular evidence is unfairly prejudicial as it would create "a trial within a trial" as it presents the same allegations that the disputed charged offenses contain – that Ms. Calonge, using her own login information, allegedly changed a coworker's access to a database. *See United States v. Fasciana*, 226 F. Supp. 2d 445, 458-59 (S.D.N.Y. 2002) (precluding the introduction of 404(b) evidence as it would create a "trial within a trial" where the Government sought to prove the defendant committed the uncharged conduct during the course of trial). Ms. Calonge, however, disputes the charged conduct as well as the allegations underlying the 404(b) evidence. Admission of this evidence would serve only as propensity evidence as there is no more evidence establishing that Ms. Calonge committed the prior bad act as there is in the instant case. *See Fasciana*, 226 F. Supp. 2d at 458-59; *c.f. United States v. Scott*, 677 F.3d 72 (2d Cir. 2012) (precluding 404(b) evidence on Rule 403 grounds where the testimony was offered to demonstrate the defendant's criminal propensity). Indeed, jurors would be left to determine not just Ms. Calonge's actions in the instant case, but whether she in fact committed the prior bad act as well. The risk of juror confusion is evident and real, mandating preclusion of the 404(b) evidence.

Moreover, in seeking to admit Rule 404(b) evidence, the Government must provide "reasonable notice" of prior bad acts evidence that it intends to use at trial. Courts have interpreted "reasonable notice" to be "no later than ten days prior to the start of trial." *United States v. Williams*, 792 F. Supp. 1120, 1133 (S.D. Ind. 1992); *see also United States v. Lopez*, 2019 WL 4733603 *11 (S.D.N.Y. 2019) (noting that ten days is considered reasonable notice under Rule 404(b)); *United States v. Richardson*, 837 F. Supp. 570, 575 (S.D.N.Y. 1993) ("The government has agreed to comply with the requirements of Rule 404(b) and represents that it will provide defendant with such notice within at least 10 days of trial if it intends to seek the admission of evidence contemplated by that rule."). Indeed, "[b]y receiving notice of the general nature of 404(b) evidence ten days before trial, surprise is avoided and the defendant has an adequate opportunity to challenge the admissibility of the information." *Williams*, 792 F. Supp. at 1133. To be clear, the "surprise" here is not the existence of the evidence itself, but that the Government would seek its admission as 404(b) material. The Government did move in limine for the introduction of other evidence as 404(b) material, but did not do so in connection with this evidence until the very day of trial.

Here, there was no reasonable notice offered. The defense was only provided with written notice of the Government's intent to introduce this 404(b) evidence on August 4, 2021 – the anticipated first day of trial. Since then, the trial has been adjourned to August 9, 2021, providing the defense with only <u>five days</u> notice – half of the amount of time that courts have agreed is reasonable under the statute. As such, the Government should be precluded from introducing this 404(b) evidence as they failed to provide reasonable, written notice at least ten days in advance of trial.

For the reasons stated above, the Government should be precluded from introducing the prior bad acts testimony. Should the Court admit the testimony, the defense requests that the jury be given a limiting instruction.

Respectfully Submitted,

*Marisa K. Cabrera*
_____
Martin S. Cohen, Esq.
Marisa K. Cabrera, Esq.
Attorneys for Medghyne Calonge

Cc: AUSA Timothy V. Capozzi (via ECF)
    AUSA Louis A. Pellegrino (via ECF)