

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 6, 2021

<u>**VIA ECF**</u>

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Medghyne Calonge*, 20 Cr. 523 (GHW)

Dear Judge Woods:

      The Government respectfully submits this letter in further support of its letter dated August 4, 2021 (Dkt. No. 53, the "Letter") and in response to the Court's invitation to provide supplemental briefing concerning the defendant's motion to preclude evidence concerning the defendant's unauthorized manipulation of her former colleague's access to the victim company's employee management system shortly before her termination (the "Incident").

      **I.**      **Evidence of the Incident Should be Admitted as Direct Evidence**

      The Government reiterates its principal position that evidence of the Incident is direct evidence of the charged offenses. The evidence is inextricably intertwined with the evidence regarding the charged offenses and is necessary to complete the story of the crimes on trial. As such, it is not Rule 404(b) evidence for which a particular form of notice is required. In any event, this evidence is not a surprise. As the defense acknowledged during argument on August 4, 2021, the Government produced discovery concerning the Incident "from the very beginning of the case in October 2020." Transcript of August 4, 2021 Conference ("Aug. 4, 2021 Tr.") at 16. The Government did so consistent with its obligation to produce materials it intends to use in its case in chief. Fed. R. Cr. Proc. 16(a)(E)(ii). In addition, at the final pretrial conference, the Government noted its expectation that the evidence would be part of its case in chief. Transcript of July 23, 2021 Conference ("July 23, 2021 Tr.") at 50. Nevertheless, the defense did not file a motion to preclude or note its objection to the evidence until the parties conferred about anticipated exhibits the afternoon before trial was scheduled to begin. Upon learning of that objection, the Government promptly drafted the Letter, which it filed the following morning.

      As explained in the Letter and during argument on August 4, this evidence relates directly to the reasons for the defendant's termination, and its inclusion in the case is necessary for the jury to understand the events that immediately preceded the defendant's commission of the charged offenses. The defense seeks to diminish the relevance of the evidence by emphasizing that the

defendant's improper manipulation of her colleague's access occurred on June 17. But, as set forth in the Letter and orally argued before the Court, the fact that it was the defendant who had changed her colleague's access was not discovered until Thursday, June 27, 2019—*the day before her termination*. That discovery and the defendant's lie in denying responsibility for the change, which also occurred on June 27, were the "last straw" for her supervisor ("Witness-1")—the act that compelled her to terminate the defendant the following day. The next morning, June 28, she reported the lie to a fellow executive at the company with whom she had previously discussed the possibility of terminating the defendant, and she drafted a termination letter that referenced the Incident (in the form of a reference to the fact that the defendant had not become proficient in the victim company's "HR policies"). She then terminated the defendant, which was soon followed by the defendant criminally destroying the victim company's applicant tracking system.

The defense contends that the evidence should be precluded because the defendant is not going to make an issue about why the defendant was terminated. Aug. 4, 2021 Tr. 17. But that's not a basis to preclude relevant evidence—the defendant cannot unilaterally take relevant, probative evidence off the table simply by deciding which facts it wants to concede and which it wants to contest. The fact that the defendant did not voluntarily resign but instead was terminated is highly relevant to whether she committed the crimes—if the jury thinks she may have voluntarily resigned, the jury likely would have a hard time conceiving of why she would then go home and destroy the applicant tracking system. *See United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997) (direct evidence of a crime is not limited to "that which directly establishes an element of the crime"); *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994) (uncharged acts are admissible background where they provide "context of certain events relevant to the charged offense"); *United States v. Daly*, 842 F.2d 1380, 1388 (2d Cir. 1988) ("[T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment. Background evidence may be admitted to show, for example, the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed.").

For the jury to understand and assess what happened, the witnesses need to be able to explain what they did and why they did those things. In the absence of evidence of the Incident, Witness-1 would be unable to explain why she fired the defendant when she fired the defendant. She would have to hold back from the jury that *the day before* she fired the defendant, she found out the defendant had improperly manipulated a colleague's access to a system and then lied about it. She would be unable to explain that this was the last straw that prompted action. She would be unable to explain what she meant when she wrote "HR policies" in the termination letter (which letter the Government has marked as an exhibit and to which the defense has said it has no objection). She would be unable to explain why she made sure to call the victim company's contact ("Witness-2") at the third-party provider of the employee management system on the same day as the defendant's termination to have Witness-2 cutoff the defendant's access to that system. Likewise, Witness-2, who on June 27 pulled the logs showing the defendant's manipulation of her former colleague's access for Witness-1 and therefore was aware of the Incident; who, at the request of Witness-1, cutoff the defendant's access to the employee management system on June 28; and who hung up on the defendant when the defendant called her on June 29, would be unable to fully explain her interactions with Witness-1 and her knowledge of the defendant's actions during the critical approximately 48-hour period during which the victim company made a final

decision to terminate the defendant, the defendant was terminated, the defendant destroyed the applicant tracking system, and the defendant called Witness-2 in an attempt to gain access to the employee management system.

Furthermore, as explained in the Letter and during argument on August 4, the evidence should not be precluded on Rule 403 grounds because its probative value is not substantially outweighed by a danger of unfair prejudice or confusion. Downgrading of a single employee's access to a system is not "more sensational" or "disturbing" than the other evidence of the defendant's guilt, which will include eyewitness testimony of her repeatedly hitting the delete key on her computer during her termination, logs showing her login to the applicant tracking system and deletion of well over 10,000 records from it, and an image of an email template used to communicate with job candidates that she manipulated so that it said "ffffffff" in the subject line and "uuuuuuuuuuu . . ." in the body of the email. *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (evidence of prior cocaine trafficking, which represented only a tiny fraction of the testimony heard by the jury, did not involve conduct any more sensational or disturbing than the crimes with which the defendant was charged). Likewise, the evidence is not confusing. Whether or not evidence of the Incident is admitted, the jurors will learn about the existence of both the applicant tracking system and the employee management system. They will learn what those systems were used for and how they were accessed. They will learn that the defendant's access to one was cutoff on the day of her termination and access to the other was not cutoff until the following Monday.

## II. In the Alternative, the Evidence Should be Admitted Under Rule 404(b)

Should the Court disagree with the above analysis, it should nevertheless admit evidence of the Incident under Rule 404(b), for the reasons set forth in the Letter and during argument on August 4.

New Rule 404(b)(3) states in relevant part:

In a criminal case, the prosecutor must:

(A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

(B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

(C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

The Government maintains that the Letter fully satisfies these requirements. Taking the third requirement first, the Government has not identified a case specifically addressing the meaning of "before trial" in New Rule 404(b)(3). The cases it has found strongly suggest that trial commences no earlier than commencement of *voir dire*. *See United States v. White*, 980 F.2d 836,

841 (2d Cir. 1992) (collecting cases). Since *voir dire* did not begin here, the Government's Letter was made before trial.

As for the second requirement, the Letter easily satisfies the requirement that the notice "articulate . . . the permitted purpose" for which the Government intends to offer the evidence and the reasoning that supports the purpose. Indeed, the defendant has made no argument that the Letter constituted inadequate notice in this regard.

Finally, as for the first requirement, as the trial will not begin before August 9, the defendant will have had at least five days' notice—that is reasonable in light of the circumstances. The purpose of the pretrial notice requirement is to allow the defendant a fair opportunity to meet the evidence. As the defendant has acknowledged, the defendant has had evidence of the Incident since the initial round of discovery was produced over nine months ago. The evidence in this case is not voluminous.[1] The Government provided oral notice of its intentions to introduce the evidence at the final pretrial conference on July 23—more than two weeks before trial will commence. Most importantly, the defendant has not articulated any prejudice caused by the alleged untimeliness of the Government's notice. *See United States v. Osarenkhoe*, 439 F. App'x 66, 68 (2d Cir. 2011) (under Old Rule 404(b), notice of approximately five days not unreasonable where defendant had not demonstrated the Government was purposely withholding information and had failed to explain "why the efforts she would have made had she had more time to prepare . . . required more than five days to accomplish"); *see also United States v. Valenti*, 60 F.3d 941, 945 (2d Cir. 1995) (under Old Rule 404(b), notice four days prior to trial found sufficient).

Although not controlling, the committee notes associated with the 2020 amendment are instructive. Those notes cite approvingly *United States v. Perez-Tosta*, 36 F.3d 1552 (11th Cir. 1994), a case in which a defendant was granted five days to prepare after notice was given, upon good cause, just before *voir dire*. In that case, the Tenth Circuit considered three factors in assessing the reasonableness of pretrial notice under Old Rule 404(b): "(1) When the Government, through timely preparation for trial, could have learned of the availability of the witness; (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) How significant the evidence is to the prosecution's case." *Perez-Tosta*, 36 F.3d at 1562. Here, the Government certainly was aware of the evidence and could have earlier filed a motion seeking its admission under Rule 404(b)—but the record belies any suggestion that the Government's failure to do so is attributable to any bad faith as opposed to its view that this is direct evidence. On the second factor, the defendant has identified no prejudice. On the third, the evidence is highly probative as to the defendant's *modus operandi* and identity. In sum, in light of the totality of the circumstances, five days' notice is reasonable.

---

[1] The Rule 16 discovery consisted of materials stamped with bates numbers USAO_000001 to USAO_000422.

Accordingly, the Court should allow this evidence at trial as direct evidence or under Rule 404(b).

Respectfully submitted,

AUDREY STRAUSS<br>
United States Attorney

By: _____
     Timothy V. Capozzi<br>
     Louis A. Pellegrino<br>
     Assistant United States Attorneys<br>
     (212) 637-2404 / 2617

cc: Martin Cohen, Esq., Federal Defenders of New York (by ECF)
     Marisa K. Cabrera, Esq., Federal Defenders of New York (by ECF)