USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                      :
  UNITED STATES OF AMERICA,              :
                                                      :
              -v-                                  :              1:20-cr-523-GHW
                                                      :
  MEDGHYNE CALONGE,                     :              ORDER
                                                       :
                             Defendant.    :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      The October 11, 2023 application for early termination of Medghyne Calonge's supervised release is denied. Dkt. No. 106 (the "Application"). Section 3583(e) provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

      Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release

and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Ms. Calonge's Application should be denied. Ms. Calonge's counsel asserts that her supervised release should be terminated early because "she has obtained gainful full-time employment, devoted herself to caring for her two children, engaged in mental health treatment, and consistently made restitution payments. Application at 1.

Ms. Calonge's successful compliance with the conditions of her supervised release, her employment, her dedication to her family, and the other accomplishments detailed in the Application are all worthy of praise. But, at the same time, this is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. Ms. Calonge points to no new or unforeseen circumstances, and no exceptionally good behavior or other factors that might warrant early termination. And given Ms. Calonge's history and characteristics and the nature of her criminal conduct, the Court continues to believe that she will benefit from the supportive structures provided by the term of supervised release, particularly the requirement that Ms. Calonge participate in outpatient mental health treatment.

Having duly considered all of the applicable factors, the Court concludes that Ms. Calonge's term of supervised release should not be terminated early.

3

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 106.

SO ORDERED.

Dated: October 12, 2023
      New York, New York

                                               GREGORY H. WOODS
                                           United States District Judge